# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>GRANT RIDDER,<br><br>    Defendant. | Case No. 17-cr-00286 LHK (NC)<br><br>**DETENTION ORDER**<br><br>Hearing: May 31, 2017 |

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), the Government moved for detention of the defendant GRANT RIDDER, and the Court on May 31, 2017, held a detention hearing to determine whether any condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of any other person and the community. This order sets forth the Court's findings of fact and conclusions of law as required by 18 U.S.C. § 3142(i). The Court finds that detention is warranted.

The defendant was present at the detention hearing, represented by his attorney Graham Archer, AFPD. The Government was represented by Maia Perez, AUSA.

The defendant is charged by indictment in this District with ten felony child exploitation offenses, including production of child pornography, distribution of child

Case No. 17-cr-00286 LHK (NC)

pornography, possession of child pornography, cyberstalking, and coercion and enticement of a minor. Six of the charged offenses have mandatory minimum sentences upon conviction. If convicted of count ten (coercion and enticement of a minor), the defendant faces a maximum of life in prison. The defendant is presumed innocent of the charges. *See* 18 U.S.C. § 3142(j).

The detention hearing was held publicly. At the request of the Government, the Court permitted one minor victim to participate in the hearing by telephone. That victim gave a statement and requested that Ridder be detained. (The Government objected to any cross-examination of the victim; the Court upheld the objection, subject to further briefing. Cross-examination of one minor victim would be unlikely to change the result of the detention hearing) The Government also read statements from two other minor victims and the mother of one minor victim. No victims were prevented from participating in the detention hearing. Both parties were allowed an opportunity to call witnesses and to present evidence. The Court considered the Pretrial Services Report dated May 30, 2017, and also the Government's memorandum in support of detention, Dkt. No. 6.

Both parties may appeal this detention order to the assigned trial judge, U.S. District Court Judge Lucy H. Koh.

I. PRESUMPTIONS

The Bail Reform Act provides that certain offenses against children give rise to a rebuttable presumption that "no condition or combination of conditions will reasonably assure the safety of any other person and the community." 18 U.S.C. § 3142(e)(3)(E). The charged offenses give rise to this presumption in this case.

II. REBUTTAL OF PRESUMPTION

For the reasons explained below, the Court finds that Ridder has not rebutted the presumption of detention.

III.     WRITTEN FINDINGS OF FACT AND STATEMENT OF REASONS

The Court has taken into account the factors set out in 18 U.S.C. § 3142(g) and all of the information submitted at the hearing and finds as follows. The Court adopts the facts set forth in the Pretrial Services Reports prepared May 30, supplemented by information presented at the hearing. The Court finds that the Government has established by more than clear and convincing evidence that the defendant poses a risk of danger to the community and that no combination of conditions can reasonably mitigate that risk. Factors that suggest the defendant is a danger to the community are the nature and circumstances of the instant offenses, which involved exploitation and coercion of multiple minor victims. The weight of the evidence, although the least significant factor, also tilts in favor of detention. The record before the Court shows willfulness, cleverness, and lack of remorse by the defendant. This record presents an untenable risk to the community. As to risk of non-appearance, the Court finds that the defendant poses a risk (based on the charged offense conduct and his incentive to flee), but that a combination of conditions could be imposed to mitigate the risk. In conclusion, detention is based on danger to the community.

IV.     DIRECTIONS REGARDING DETENTION

The defendant is committed to the custody of the Attorney General or her designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant must be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on the request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

IT IS SO ORDERED.

Date: May 31, 2017

_____
Nathanael M. Cousins
United States Magistrate Judge