UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>GRANT RIDDER,<br><br>Defendant. | Case No. 17-CR-00286-LHK<br><br>**ORDER DENYING COMPASSIONATE RELEASE**<br><br>Dkt. No. 59 |

Defendant Grant Ridder ("Defendant") is currently in the custody of the Bureau of Prisons ("BOP") and incarcerated at the Federal Correctional Institution Milan ("FCI Milan"). Defendant moves for a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A), also known as compassionate release. ECF No. 59. The government opposes the motion. ECF No. 65. For the reasons set forth below, the Court DENIES Defendant's motion.

I.   **LEGAL STANDARD**

18 U.S.C. § 3582(c) allows a court to modify a defendant's "term of imprisonment . . . upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant." A defendant may bring a § 3582(c) motion after he has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons" to bring the motion on his behalf, or after "the lapse of

30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

The statute governing motions for sentence reductions, 18 U.S.C. § 3581(c)(1)(A), requires that courts "consider[] the factors set forth in section 3553(a)." Those factors include, among other things, the nature and circumstances of the offense and the history and characteristics of the defendant; the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence to criminal conduct, to protect the public from further crimes of the defendant, and to provide the defendant with needed medical care in the most effective manner; and the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct. 18 U.S.C. § 3553(a).

"[A]fter considering the factors set forth in § 3553(a) to the extent applicable," a court may grant the motion to reduce the defendant's sentence in two circumstances. As relevant here, a court may reduce a defendant's sentence if it finds "extraordinary and compelling reasons warrant such a reduction" and that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.* § 3582(c)(1)(A). The relevant Sentencing Commission policy statement enumerates several "extraordinary and compelling reasons." U.S. Sentencing Guidelines ("U.S.S.G") § 1B1.13(1)(A) & cmt. 1. A defendant fulfills one of the enumerated reasons when the defendant is "suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." *Id.* § 1B1.13 cmt. 1(A)(ii). The Commission also requires that the defendant not pose a danger to the safety of the community. *Id.* § 1B1.13(2).

**II.   DISCUSSION**

In analyzing whether a defendant is entitled to compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i), courts determine whether a defendant has satisfied three requirements. First, a defendant must exhaust his administrative remedies. Second, a defendant must establish that the

§ 3553(a) sentencing factors "are consistent with" granting a motion for compassionate release. *United States v. Trent*, 2020 WL 1812242, at *2 (N.D. Cal. Apr. 9, 2020). Third, a defendant must demonstrate that "extraordinary and compelling reasons"—as defined by the applicable Sentencing Commission policy statement—"warrant . . . a reduction." 18 U.S.C. § 3582(c)(1)(A)(i).

Here, the government concedes that Defendant has exhausted his administrative remedies and therefore satisfies the first requirement under Section 3582. ECF No. 65 at 3. Thus, only the second two requirements are at issue in the instant case.

### A. Defendant fails to demonstrate extraordinary and compelling reasons justifying compassionate release.

At the time of Defendant's sentencing on January 23, 2019, Defendant was 28 years old and weighed 175 pounds. Presentence Investigation Report ("PSR") ¶ 100, ECF No. 34. Defendant's PSR stated that "[a]ccording to Mr. Ridder, he is generally healthy." PSR ¶ 102. Defendant' PSR noted that Defendant was diagnosed with Attention Deficit Hyperactivity Disorder ("ADHD") when he was five or six years old. *Id.* ¶ 103. When Defendant was approximately nine years old, he was prescribed Strattera to treat his ADHD. *Id.* Defendant has not taken any medication for his ADHD since his junior or senior year of college. *Id.* Defendant's PSR also notes that Defendant was diagnosed with Autism Spectrum Disorder, as well as Situational Depression due to his incarceration. *Id.* ¶ 104.

Defendant's current age of 30 does not place him in a high-risk age group for severe COVID-19 illness, and Defendant does not contend otherwise in his motion or reply brief. ECF Nos. 59, 72. Instead, Defendant cites obesity, autism, and ADHD as health conditions justifying his early release. *Id.*

Of the three health conditions Defendant cites in his motion, only obesity is identified by the Centers for Disease Control as a condition that may increase a person's risk of severe illness from COVID-19. *See People with Certain Medical Conditions*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-

conditions.html (last accessed March 8, 2021).  In his December 2020 motion, Defendant states that he weighs "just over 200 pounds."  ECF No. 59 at 4.  Based on Defendant's height and reported weight of approximately 201 pounds, Defendant has a Body Mass Index ("BMI") of 30.6.  PSR ¶ 100 (reported height); *see also* https://www.cdc.gov/healthyweight/assessing/bmi/adult_bmi/english_bmi_calculator/bmi_calculator.html.  The Centers for Disease Control categorize a person as obese when his BMI is between 30 and less than 40.  *People with Certain Medical Conditions*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html.  With a BMI of 30.6, Defendant is barely above the threshold to be categorized as obese.  Furthermore, Defendant's weight has fluctuated in the recent past.  According to BOP medical records obtained by the government, Defendant weighed 197 pounds on September 14, 2020, three months before Defendant filed the instant motion.  ECF No. 65 Exh. 1 at 73.  At this time, Defendant had a BMI of 30.0.  On March 20, 2019, Defendant's BOP medical records reflect that Defendant weighed 175 pounds.  *Id.* at 26, 34.  Defendant also weighed 175 pounds at the time of his sentencing in January 2019.  PSR ¶ 100.  At 175 pounds, Defendant had a BMI of 26.6.  Given the fluctuations in Defendant's weight, Defendant's obesity appears to be a condition from which he could be expected to recover.

Defendant's other two health conditions, autism and ADHD, are not recognized by the Centers for Disease Control as underlying medical conditions that increase or may increase a person's risk of severe illness from COVID-19.  Furthermore, although Defendant was diagnosed with ADHD in elementary school, his BOP medical records reflect that he has not taken medication for this condition since 2013.  ECF No. 65 Exh. 1 at 22.  Defendant's BOP medical records also characterize his autism as "high functioning."  *Id.*  Defendant asserts that self-care in prison is "especially challenging" for someone with autism and ADHD.  ECF No. 59 at 4-5.  In its opposition, the government contends that Defendant's assertion is "undermined by [Defendant]'s demonstrated ability to care for himself and live independently prior to his arrest, when he moved away from his family in Illinois to attend engineering school in Milwaukee, successfully

graduated and moved to Mountain View, California, where he lived with his wife while working as an engineer at a tech company." ECF No. 65 at 10. The Court agrees.

Defendant graduated with a Bachelor of Science degree in Computer Engineering and a minor in mathematics in May 2013. PSR ¶ 112. Throughout his education, Defendant did not have to repeat any grades and attended gifted classes from third through eighth grades. *Id*. ¶ 113. From September 2005 through June 2009, Defendant was employed as a student LAN administrator at his high school part-time during the academic year and full-time during the summers. *Id*. ¶ 119. From June 2009 through August 2011, Defendant worked full-time as a network engineer at Abbott Laboratories during the summers. *Id*. ¶ 118. From April 2012 through May 2013, Defendant worked as a system administrator at the Milwaukee School of Engineering part-time during the academic year and full-time during the summers. *Id*. ¶117. From June 2013 through June 2014, Defendant worked full-time as a network operations center engineer at LinkedIn. *Id*. ¶ 116. From September 2014 through March 2015, Defendant worked full-time as a development operations engineer at PagerDuty. *Id*. ¶ 115. From May 2015 through May 2017, Defendant worked full-time as a development and operational engineer at Banjo, Inc., a software company. *Id*. ¶ 114. Thus, Defendant has a long record of being high functioning. In fact, the Court varied downward from the sentencing guideline range at sentencing largely because of Defendant's long history of full-time employment as an engineer. Statement of Reasons at 4.

The Court notes that other courts have declined to grant compassionate release to otherwise healthy and young inmates with obesity as the only medical condition that may increase the risk of serious illness from COVID-19. *See, e.g., United States v. German*, 2020 WL 5849530, at *2-3 (D.N.H. Oct. 1, 2020) (denying compassionate release to 30-year-old with BMI of 36); *United States v. Gordon*, 2020 WL 3971013, at *3 (E.D. Mich. July 14, 2020) (denying compassionate release to 34-year-old with BMI of 31.8).

Defendant devotes a significant portion of his motion to the conditions at FCI Milan, where Defendant is housed. ECF No. 59 at 6-11. The government concedes that there have been "periodic rises in COVID-19 cases" at FCI Milan. ECF No. 65 at 11. However, FCI Milan is

currently receiving allocations of the COVID-19 vaccine and is administering the vaccine to willing staff members and inmates. *See* https://www.bop.gov/coronavirus/ (last accessed March 8, 2021). As of the date of this order, 142 staff members and 51 inmates at FCI Milan have completed their full COVID-19 inoculations. *See* https://www.bop.gov/coronavirus/ (last accessed March 8, 2021).

Defendant, who is 30 years old and only marginally meets the minimum weight to be categorized as obese, has failed to demonstrate extraordinary and compelling reasons justifying compassionate release.

### B. The Section 3553(a) factors do not warrant sentence reduction in the instant case.

The Court also denies Defendant's motion for compassionate release for another independent reason: "the factors set forth in section 3553(a)." 18 U.S.C. § 3582(c)(1)(A). Those factors include, among other things, the nature and circumstances of the offense and the history and characteristics of the defendant; the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence to criminal conduct, to protect the public from further crimes of the defendant, and to provide the defendant with needed medical care in the most effective manner; and the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct. 18 U.S.C. § 3553(a).

On September 5, 2018, Defendant pleaded guilty to production of child pornography, in violation of 18 U.S.C. § 2251(a); distribution of child pornography, in violation of 18 U.S.C. § 2252(a)(2); and possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B). *See* Minute Entry from Change of Plea Hearing, ECF No. 30; Plea Agreement at 1, ECF No. 31. By statute, the production of child pornography count to which Defendant pleaded guilty has a 15-year (180-month) mandatory minimum term of imprisonment. 18 U.S.C. § 2251(e). By statute, the distribution of child pornography count to which Defendant pleaded guilty has a five year (60-month) mandatory minimum term of imprisonment. 18 U.S.C. § 2252(a)(2). By statute, the possession of child pornography count to which Defendant pleaded guilty does not have a

mandatory minimum term of imprisonment, but does have a maximum term of imprisonment of 20 years. 18 U.S.C. § 2252(a)(4)(B). On January 23, 2019, the Court sentenced Defendant to 186 months imprisonment to be followed by ten years of supervised release. ECF No. 57. This sentence was below Defendant's Guidelines range of 235 to 293 months on the production of child pornography count, and 235 to 240 months on the distribution of child pornography and possession of child pornography counts. PSR ¶ 124.

Defendant's offense conduct was extremely serious and caused serious harm to the victims, who were all minors. The Court describes the harm caused to the four victims below.

First, Defendant met with a sixteen-year-old victim at a hotel to engage in digital penetration and sexual intercourse and took photos and video recordings of the encounter. ECF No. 31 at 3; PSR ¶ 30, 36. Defendant later accessed the victim's Facebook page and posted sexually explicit photos of the victim, including close-up images of the victim's genitalia, for the victim's family and friends to see. PSR ¶¶ 7-11. Defendant admits to doing this with the intent to cause the victim substantial emotional distress. ECF No. 31 at 3.

In another instance, Defendant persuaded a thirteen-year-old victim to send him a photo of herself in a bra. PSR ¶¶ 19-20. When the victim refused to send Defendant a nude photo of herself, Defendant threatened to send the photo of the victim in her bra to the victim's mother and to post the photo to the Internet. The victim became afraid and sent Defendant nude photos of herself. *Id*. Defendant uploaded the victim's sexually explicit photos to a Russian-based website, where they have been viewed thousands of times. *Id*. ¶ 41. Defendant admits to coercing the victim into producing sexually explicit images of herself and intentionally causing her substantial emotional distress. ECF No. 31 at 5.

Defendant persuaded a fourteen-year-old victim to send photos of herself engaged in sexually explicit conduct, including penetration of her vagina with a foreign object. *Id.* at 4; PSR ¶¶ 37-38. After receiving sexually explicit photos from the victim, Defendant threatened to share the photos with the victim's friends and post them on the Internet unless the victim provided him with additional photos. PSR ¶¶ 37-39. Defendant pressured the victim to the point that the victim

told Defendant she would self-harm and sent him a photo of razor blades. *Id.* Defendant nonetheless uploaded the victim's sexually explicit photos to a Russian-based website to be viewed by others. *Id.* ¶ 42. Defendant admits to coercing the victim into producing sexually explicit images of herself and intentionally causing her substantial emotional distress. ECF No. 31 at 4.

Defendant admits to soliciting a fourth victim to engage in sexual activity with him. *Id.* Specifically, Defendant made numerous attempts to meet with a sixteen-year-old victim to engage in oral sex and digital penetration. PSR ¶ 32.

During a forensic evaluation of Defendant's devices, agents found images of toddlers in stages of undress. *Id.* ¶ 33. Agents also found that search terms such as "pedo" and "pthc" (pre-teen hardcore) had been used on numerous occasions. *Id.* ¶ 29.

Defendant has been in federal custody since May 24, 2017. *Id.* at 2. Assuming Defendant qualifies for good time credits, Defendant's projected release date is August 7, 2030, over nine years from now. *See* Federal Bureau of Prisons, *Find an Inmate*, https://www.bop.gov/inmateloc/ (last visited March 8, 2021). Defendant has served 28% of his 186-month prison sentence, which was already below Defendant's Guidelines ranges. PSR ¶ 124.

The Third and Fifth Circuits have held that district courts may consider the length of time remaining on a defendant's sentence when determining whether to grant compassionate release. *See United States v. Pawlowski*, 967 F.3d 327, 330-31 (3d Cir. 2020) (holding that a district court did not abuse its discretion in denying compassionate release based on the defendant's having served only 19 months of a 180 month sentence); *United States v. Chambliss*, 948 F.3d 691, 694 (5th Cir. 2020) (holding that a district court did not abuse its discretion in denying compassionate release based, in part, on the defendant's having served only 14 years of a 30 year sentence). Moreover, United States District Judge Jon Tigar of the Northern District of California concluded that permitting compassionate release for a defendant who "has served only roughly 20 percent of his sentence . . . would not satisfy 'the need for the sentence imposed to reflect the seriousness of the offenses, to promote respect for the law, and to provide just punishment for the offense.' Nor

would it 'afford adequate deterrence to criminal conduct' or adequately 'protect the public from further crimes of the defendant.'" *United States v. Furaha*, 445 F. Supp. 3d 99, 103 (N.D. Cal. 2020) (citation omitted) (original ellipses omitted) (quoting 18 U.S.C. § 3553(a)(2)(A)-(C)). United States District Judge Richard Seeborg of the Northern District of California has likewise held that, "[t]he length of the sentence remaining is an additional factor to consider in any compassionate release analysis," with a longer remaining sentence weighing against granting any such motion. *Connell*, 2020 WL 2315858, at *6; ECF No. 779 at 8.

Given Defendant's crimes and the fact that Defendant has served 28% of his sentence, the Court finds that granting Defendant's motion for compassionate release would not reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, or avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct as required by 18 U.S.C. § 3553(a).

## IV. CONCLUSION

For the foregoing reasons, the Court DENIES Defendant's motion for compassionate release.

**IT IS SO ORDERED.**

Dated: March 11, 2021

_Lucy H. Koh_
LUCY H. KOH
United States District Judge